Commonwealth v. Moehring

*Beck, McGinnis & Jarvis,* for plaintiff.

*Robbin B. Wolf, William J. Krzton* and *Daniel T. Zamos,* for defendant.

CERCONE, J., December 10, 1956. —This case comes before the court en banc on exceptions to the chancellor's adjudication which permanently enjoined defendant from operating or maintaining a commercial boarding home for the aged without a State license as provided by the Act of Assembly of September 26, 1951, P. L. 1536, 37 PS §171, et seq. . . .

Exceptions 8 and 9 attack the constitutionality of the statute involved in this case and will be discussed, since the points were not raised in any of the proceedings prior to the filing of the exceptions.

Defendant argues that the term "aged" in the statute is so vague and uncertain as to make it inoperative due to indefiniteness and impossibility of enforcement. The argument made is an able one, but nonetheless impractical when viewed in the light of the purposes of the statute. The law here is not so much concerned with differentiation of physical ability or inability of people in a certain age group to care for themselves, as it is with the degree of care necessary to be exercised by others charged with their well being. The term "aged person" cannot be arbitrarily written off as vague and indefinite when all of man's knowledge, experience and understanding provides him with certain information regarding the time when a man can be considered aged. A person in advanced years cannot be said not to be aged because he is ambulatory or self-sufficient. The law recognizes in many of its phases that as a person advances in years he is less able to perform the physical and mental labors and activities he was able to perform in earlier years, although he may still be possessed to all outward appearances of all his mental and physical vigor. Some men

and women retain their physical well being and mental vigor beyond the biblical life span of three score and ten, but in this day and age life insurance companies, industry, labor unions and government have rather decidedly agreed on the age of 65 as a retirement age, and in the field of social legislation and social work it is customary to think of people as aged after they have reached the same number of years.

In this case the regulations promulgated by the Department of Welfare, which is responsible for the supervision of commercial boarding houses for the aged, defines an aged person as one 60 years of age or more. It is the opinion of this court that such a classification of an aged person is not unreasonable. The test in this regard is not wisdom, but good faith, in the classification: Seabolt v. Commissioners, 187 Pa. 318. While the general rule is that the legislature has no power to delegate its lawmaking power to another tribunal, it is universally recognized that the practical necessities of government make it imperative that the foregoing general principle of law is subject to the right of the legislature to enact a law in broad terms, setting forth intelligible standards of action which definitely indicate the legislative intent, and at the same time delegate to some other body the duty of filling in administrative details or otherwise applying the law as enacted by the legislature to varying factual circumstances. If the legislature did not have the power to enact laws of this type, many matters which public welfare requires be subjected to regulation could not be regulated at all, and this would result in a stoppage of certain vital functions of government.

With respect to the regulation of commercial boarding homes, the legislature has set forth a reasonably intelligible standard, and cannot be impugned on the grounds of vagueness and indefiniteness. The statute is challenged as a piece of special legislation, and it is

contended that there is no basis for the classification in the act of able-bodied elderly people to the exclusion of all other elderly people. This argument is untenable, because the excluded people are the subjects of other protective legislation: Maternity Homes, Act of May 6, 1929, P. L. 1561 et seq., 35 PS §281; Private Nursing Homes, Act of June 12, 1931, P. L. 510 et seq., 35 PS §424; Institutions referred to by Federal Social Security Amendments of 1950, Act of June 29, 1953, P. L. 300, 62 PS §2561; Lodging Houses, Act of July 2, 1895, P. L. 428, 37 PS §131.

The contention that the statute is an unlawful exercise of the Commonwealth's police power, in that it bears no reasonable relation to health, welfare and safety is also unfounded. The elderly and the aged are certainly proper subjects of health and welfare legislation. The concern for the protection and safety of elderly persons is as much within the exercise of the police powers of the Commonwealth as is the regulation for the protection and welfare of guests in hotels, children in public schools, or patrons in restaurants and theatres, and the fact that such aged persons are ambulatory does not render their classification arbitrary or unreasonable.

Defendant raises the question that the act violates the fourteenth amendment to the Federal Constitution. However, the court does not find any deprivation of defendant's property without due process, since the statute sets forth reasonable licensing procedure, and the defendant has recourse to mandamus proceedings if she feels such a license has been wrongfully withheld from her. The protection and safety of the persons contemplated under the statute involved in this case is certainly a legitimate exercise of the police power by the Commonwealth. If aged persons in a commercial boarding home cannot be protected against fire hazards and unsanitary conditions which may en-

danger their lives, then it is difficult to conceive how the Commonwealth can pass legislation for the protection of any other class of people.

The court therefore feels that exceptions 8 and 9 should be, and are hereby dismissed.

### Final Decree

And now, December 10, 1956, after argument before the court en banc, it is ordered, adjudged and decreed:

1. That a permanent injunction is forthwith issued against Ernestine Moehring (also known as Mrs. George Moehring), defendant above named, restraining and prohibiting her and any employe, agent, representative or associate of her from conducting, operating or maintaining for profit a commercial boarding home for the aged as defined in the Act of Assembly of September 26, 1951, P. L. 1536, sec. 2, 37 PS §172, at 944 Sheridan Avenue, Pittsburgh, Allegheny County, Pa., or at any other place or address within the jurisdiction of this court, unless properly licensed under the laws of the Commonwealth of Pennsylvania.

2. That the said premises heretofore operated by defendant as a commercial boarding home for the aged at 944 Sheridan Avenue, Pittsburgh, Allegheny County, Pa., shall be subject to inspection by the properly constituted representative of the Department of Welfare, Commonwealth of Pennsylvania, relative to the maintenance of unlicensed commercial homes for the aged.

3. That this permanent injunction shall forthwith issue without the necessity of any bond or security, it appearing that the plaintiff is the Commonwealth of Pennsylvania.

4. That defendant pay the costs of this proceeding.